IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENTE SOLOMON,

    Plaintiff,                No. 2:08-cv-2544-WBS-JFM (PC)

    vs.

WARDEN T. FELKER, et al.,

    Defendants.           <u>ORDER</u>

                     /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed March 27, 2009, plaintiff's complaint was dismissed with leave to file an amended complaint. After receiving several extensions of time, plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

1       A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

      Plaintiff has named forty defendants in his amended complaint. There are no charging allegations against Dr. Dudley, RN Punt, or Correctional Officers Pena, Holtclaw, Massenger, Cox, Thomas, Zepphoni, Martinez, Dangler and Chapman. For that reason, the court will not order service of process on said defendants. Plaintiff has also named several Doe defendants. The court will not order service of process on unidentified defendants.

The amended complaint states a cognizable claim for relief against the remaining named defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

Plaintiff has moved for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's motion for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's November 12, 2009 motion for extension of time is granted nunc pro tunc and plaintiff's December 14, 2009 amended complaint is deemed timely filed.

2. Service is appropriate for the following defendants: Lieutenant Schirmer; Sergeant Amero; Sergeant Lynn; C/O Santana; C/O Ochinmer; C/O Bartiham; Captain Wright; Lieutenant Berry; Lieutenant Plainer; Nurse Christopherson; Nurse Boonay; Nurse Pena; Nurse Hutchings; Dr. French; C/O Haws; C/O Ulbirght; C/O Carter; C/O Torres-Hazelton; C/O Hitchcock; C/O Doyle; C/O Cobbs; C/O Brooks; C/O Cimino; C/O Rana; C/O Kalbrock; C/O Noyes; Appeals Coordinator Jackson; and Captain Statti.

3. The Clerk of the Court shall send plaintiff twenty-eight USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed December 14, 2009.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

  a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 2 above; and

    d. Twenty-nine copies of the endorsed amended complaint filed December 14, 2009.

  5. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

  6. Plaintiff's December 31, 2009 motion for appointment of counsel is denied.

DATED: March 29, 2010.

*[signature]*
UNITED STATES MAGISTRATE JUDGE

12
solo2544.1am

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENTE SOLOMON,

    Plaintiff,                    No. 2:08-cv-2544-WBS-JFM (PC)

    vs.

LIEUTENANT SCHIRMER, et al.,      NOTICE OF SUBMISSION

    Defendants.               OF DOCUMENTS

_____ /

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    _____ completed summons form

    _____ completed USM-285 forms

    _____ copies of the _____
                             Amended Complaint

DATED:

                                      _____
                                        Plaintiff