IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT J. SOLOMON,

        Plaintiff,                    No. 2:08-cv-2544 WBS JFM (PC)

    vs.

LIEUTENANT SCHIRMER,
et al.,

        Defendants.             ORDER

                                       /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on claims raised against twenty-eight defendants named in plaintiff's first amended complaint, filed December 14, 2009.

        On December 17, 2010, defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In the motion, defendants contend, inter alia, that plaintiff failed to identify specific defendants who were aware of a risk of harm to plaintiff before he was allegedly assault on a yard at High Desert State Prison (High Desert), failed to identify specific defendants who allegedly used excessive force against plaintiff on August 3, 2007, either on the yard or in a holding cell area at High Desert (High Desert), that plaintiff alleged specific facts suggesting that defendants Santana or Hazelton were personally involved in the events complained of, that

/////

plaintiff has failed to allege actual harm to his right to access the courts, and that plaintiff has failed to sufficiently alleged a retaliation claim.[1]

In his opposition, plaintiff sets forth additional specific allegations that may, if included in a second amended complaint, cure some or all of the alleged deficiencies in the first amended complaint. Accordingly, good cause appearing, plaintiff's amended complaint will be dismissed and plaintiff will be granted thirty days in which to file a second amended complaint. If plaintiff chooses to file a second amended complaint, plaintiff must incorporate into that second amended complaint all allegations from his first amended complaint and from his opposition to defendants' motion to dismiss that demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights, see Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980), and that demonstrate in specific terms how each named defendant is involved.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, any amended complaint supersedes prior complaints. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files any amended complaint, prior pleadings no longer serve any function in the case. Therefore, in a second amended complaint, as in any prior complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Defendants' motion to dismiss is mooted by this order and will therefore be denied without prejudice to defendants' right to raise, as appropriate, similar arguments in response to plaintiff's second amended complaint. Defendants will not, however, be required to

/////

---

[1] Defendants raise additional arguments in their motion to dismiss that will be considered, as appropriate, when the court screens plaintiff's second amended complaint.

respond to any second amended complaint until further order of the court. See 28 U.S.C. § 1915A; see also footnote 1, supra.

On June 23, 2011, plaintiff filed a request for a court order requiring defendants to send him copies of documents provided to defense counsel by appeals coordinators with the California Department of Corrections and Rehabilitation (CDCR) in connection with this litigation. It appears from the request that plaintiff may be able to obtain copies of these documents through reviews of his prison central and medical files. Said review should be available to plaintiff through prison administrative procedures. Plaintiff's request for a court order will be denied without prejudice to its renewal on a showing that plaintiff has made a proper request for these documents and that said request has been unreasonably denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to file a second amended complaint.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

3. Defendants' December 17, 2010 motion to dismiss is denied without prejudice to defendants' right to seek on any appropriate ground dismissal of plaintiff's second amended complaint.

/////

4. Defendants shall not respond to any second amended complaint until further order of court.

5. Plaintiff's June 23, 2011 motion is denied without prejudice.

DATED: August 12, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
solo2544.mtd

4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT J. SOLOMON,

     Plaintiff,                                   No. 2:08-cv-2544 WBS JFM (PC)

    vs.

LIEUTENANT SCHIRMER, et al.,            <u>NOTICE OF AMENDMENT</u>

    Defendants.

_____/

     Plaintiff hereby submits the following document in compliance with the court's order filed _____:

     _____    Second Amended Complaint

DATED:

                                                                       Plaintiff