IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT J. SOLOMON,

        Plaintiff,                No. 2:08-cv-2544 WBS JFM (PC)

   vs.

LIEUTENANT SCHIRMER,
et al.,

        Defendants.         FINDINGS AND RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  This action is currently proceeding on claims raised against twenty-eight defendants named in plaintiff's first amended complaint, filed December 14, 2009.  By order filed concurrently with these findings and recommendations, plaintiff's first amended complaint was dismissed with leave to file a second amended complaint.

        Plaintiff has filed four motions for injunctive relief seeking court orders requiring prison officials to transfer him to a different prison.  Plaintiff alleges his safety is threatened by his present placement, he has been shot in the leg and sprayed with pepper spray, he is suffering retaliation by correctional officers, and he is unable to get legal materials to prosecute this action.

        The legal principles applicable to a request for injunctive relief are well established.  To prevail, the moving party must show either a likelihood of success on the merits

1

and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Initially, the principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See C. Wright & A. Miller, 11 Federal Practice and Procedure, §2947 (1973). In addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.

In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

/////

Several of the allegations of the motions at bar arise from events that occurred in 2011, well after the 2007 incidents on which the action at bar is based. The allegations in the motions are all based on events at California Correctional Institution in Tehachapi, California, while the instant action arose from alleged events at High Desert State Prison. To the extent the motions are based on claims that are not cognizable as part of the underlying action, they will not be given a hearing on the merits at trial.

The motions also implicate plaintiff's right to access the courts. In <u>Lewis v. Casey</u>, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal convictions. <u>Lewis v. Casey</u>, 518 U.S. at 351. The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." <u>Id.</u> at 356. In order to demonstrate a cognizable threat to this right, plaintiff must present evidence that defendants by their acts will prevent him from bringing, or cause him to lose, an actionable claim of this type. <u>Id.</u>

Plaintiff has not made the required showing on the motions at bar. Specifically, the record before this court does not support a finding that plaintiff is threatened with irreparable harm to his ability to litigate this action.

For the foregoing reasons, plaintiff's motions for injunctive relief should be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's March 10, 2011 motion for emergency transfer be denied.

2. Plaintiff's April 25, 2011 motion for emergency injunction be denied.

3. Plaintiff's May 10, 2011 motion for emergency injunction be denied.

4. Plaintiff's June 24, 2011 motion for emergency injunction be denied.

/////

1   These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
6  objections shall be filed and served within fourteen days after service of the objections.  The
7  parties are advised that failure to file objections within the specified time may waive the right to
8  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: August 12, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
solo2544.pi