IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT J. SOLOMON,

    Plaintiff,               No. 2:08-cv-2544 WBS JFM (PC)

    vs.

LIEUTENANT SCHIRMER, et al.,

    Defendants.         ORDER TO SHOW CAUSE

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This matter is proceeding before a United States Magistrate Judge with the consent of the parties pursuant to 28 U.S.C. §636 (c). See Order filed February 8, 2012.

        On August 6, 2010, the court directed the United States Marshal to serve process on twenty-eight defendants named in claims raised in plaintiff's first amended complaint. On December 17, 2010, twenty-seven defendants filed a motion to dismiss.[1] In an order filed August 15, 2011, this court found that plaintiff had set forth additional factual allegations in his

---

[1] Service as to the twenty-eighth defendant was returned unexecuted, and by order filed January 21, 2011, the United States Marshal was again ordered to serve process on that defendant, identified as corrected as defendant Hutchingson. See Order filed January 21, 2011. The United States Marshal has not filed a return of service for defendant Hutchingson. Plaintiff has not renamed said individual as a defendant in the third amended complaint.

1

opposition that might, if included in a second amended complaint, cure some or all of the alleged deficiencies in the first amended complaint. For that reason, plaintiff's first amended complaint was dismissed with leave to amend, and defendants' motion to dismiss was denied without prejudice. After receiving an extension of time to do so, on October 11, 2011, plaintiff filed a second amended complaint.

By order filed December 23, 2011, the court found that plaintiff had added twenty-two new defendants in the proposed second amended complaint and appeared to be attempting to add new claims to this action. Order filed December 23, 2011, at 2. The court further found that plaintiff had been granted permission to amend his complaint only to add factual allegations against already served defendants to the claims raised in the first amended complaint, that plaintiff had not sought leave to add new claims or to join new defendants, and that the court would not grant him leave to do so in this action, which was filed in October 2008. Id. The court therefore dismissed plaintiff's second amended complaint and granted plaintiff a period of thirty days in which to file a third amended complaint. Id. The December 23, 2011 order specifically provided:

> Should plaintiff choose to file a third amended complaint, he shall name as defendants only individuals who have been served with process in this action, and he shall raise against those individuals only the claims raised in the first amended complaint. The sole purpose of the amendment is to add, as appropriate, additional factual allegations included in his opposition to defendants' motion to dismiss to support the claims already raised in the first amended complaint. For that reason, the Clerk of the Court will be directed to send plaintiff a copy of his first amended complaint and a copy of his opposition to defendants' motion to dismiss. If plaintiff fails to comply with this order in any way, including but not limited to naming additional defendants or raising claims not already raised in the first amended complaint, this court will recommend dismissal of this action as a sanction for non-compliance with orders of this court. See Local Rule 11-110; Fed. R. Civ. P. 41(b).

Id.

Plaintiff's first amended complaint contained Eighth Amendment claims of excessive force, failure to protect, and deliberate indifference to serious medical needs in

1 connection with events that commenced on August 3, 2007 and continued thereafter, and
2 violations of his right to due process in connection with disciplinary charges issues on September
3 7, 2007.  While plaintiff has not named any new defendants in the third amended complaint, he
4 has added numerous claims, now commencing with alleged events beginning on December 31,
5 2006.  Many of the proposed new claims are unrelated to the claims raised in the first amended
6 complaint, in violation of this court's December 23, 2011 order.[2]

7       "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss
8 an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,
9 1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a
10 court order the district court must weigh five factors including:  '(1) the public's interest in
11 expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
12 prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
13 and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting
14 Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46
15 F.3d 52, 53 (9th Cir. 1995).

16       The court has considered the five factors set forth in Ferdik.  Here, as in Ferdik,
17 the first two factors strongly support dismissal of this action.  The action has been pending for
18 three and one half years and the pleadings have not yet been settled.  Plaintiff's failure to comply
19 with the court's December 23, 2011 order would, if countenanced, either expand the scope of this
20 action well beyond the claims contained in the first amended complaint filed in December 2009,
21 or require yet further delay and amendment to the pleadings to bring the operative complaint into
22 compliance with that order.  Neither the public interest in expeditious resolution of litigation nor

---

[2] It appears that plaintiff may have incorporated most of the contentions raised in his opposition to defendants' motion to dismiss into the third amended complaint.  The court's December 23, 2011 order did not authorize plaintiff to include in the third amended complaint all of the contentions raised in his opposition if those contentions were unrelated to August and September 2007 events on which the claims raised in the first amended complaint were based.

the court's need to manage its docket are served by plaintiff's non-compliance with the December 23, 2011 order or further delay of this action.

The third factor may also favor dismissal. Over two years have passed since the court ordered defendants served with the first amended complaint, which raised claims based on events that occurred in August and September 2007. Almost five years have passed since the events that gave rise to plaintiff's allegations, and the operative pleading is not yet settled. Defendants might arguably be disadvantaged in their ability to defend against the claims with the passage of additional time.

The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. In addition, the fifth factor does not support dismissal without providing plaintiff an opportunity to show cause for his failure to comply with the December 23, 2011 order and to tender a proposed fourth amended complaint that does comply with that order. Plaintiff is cautioned that the order to show cause will not be discharged unless he files with his response a proposed fourth amended complaint that raises only the Eighth Amendment and due process claims raised in his first amended complaint. Plaintiff should not include any allegations or claims based on events that occurred before the alleged events of August and September 2007 that are the subject of the claims raised in his first amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that within twenty days from the date of this order plaintiff shall show cause in writing why this action should not be dismissed as a sanction for his failure to comply with the court's December 23, 2011 order. Plaintiff is cautioned that the order to show cause will not be discharged unless he files with his

/////
/////
/////
/////

response a proposed fourth amended complaint that raises only the Eighth Amendment and due process claims raised in his first amended complaint.

DATED: April 18, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
solo2544.osc