1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10    VINCENT J. SOLOMON,

11              Plaintiff,                    No. 2:08-cv-2544 WBS JFM (PC)

12        vs.

13    LIEUTENANT SCHIRMER, et al.,

14              Defendants.                   ORDER TO SHOW CAUSE

15    _____/

16             Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17    42 U.S.C. § 1983.  This matter is proceeding before a United States Magistrate Judge with the

18    consent of the parties pursuant to 28 U.S.C. §636 (c).  See Order filed February 8, 2012.

19             On August 6, 2010, the court directed the United States Marshal to serve process

20    on twenty-eight defendants named in claims raised in plaintiff's first amended complaint. On

21    December 17, 2010, twenty-seven defendants filed a motion to dismiss.[1]  In an order filed August

22    15, 2011, this court found that plaintiff had set forth additional factual allegations in his

23

24          [1]  Service as to the twenty-eighth defendant was returned unexecuted, and by order filed
      January 21, 2011, the United States Marshal was again ordered to serve process on that
25    defendant, identified as corrected as defendant Hutchinson.  See Order filed January 21, 2011.
      The United States Marshal has not filed a return of service for defendant Hutchinson.  Plaintiff
26    has not renamed said individual as a defendant in the third amended complaint.

1

1  opposition that might, if included in a second amended complaint, cure some or all of the alleged

2  deficiencies in the first amended complaint.  For that reason, plaintiff's first amended complaint

3  was dismissed with leave to amend, and defendants' motion to dismiss was denied without

4  prejudice.  After receiving an extension of time to do so, on October 11, 2011, plaintiff filed a

5  second amended complaint.

6          By order filed December 23, 2011, the court found that plaintiff had added

7  twenty-two new defendants in the proposed second amended complaint and appeared to be

8  attempting to add new claims to this action.  Order filed December 23, 2011, at 2.  The court

9  further found that plaintiff had been granted permission to amend his complaint only to add

10  factual allegations against already served defendants to the claims raised in the first amended

11  complaint, that plaintiff had not sought leave to add new claims or to join new defendants, and

12  that the court would not grant him leave to do so in this action, which was filed in October 2008.

13  Id.  The court therefore dismissed plaintiff's second amended complaint and granted plaintiff a

14  period of thirty days in which to file a third amended complaint.  Id.  The December 23, 2011

15  order specifically provided:

16          Should plaintiff choose to file a third amended complaint, he shall
        name as defendants only individuals who have been served with
17        process in this action, and he shall raise against those individuals
        only the claims raised in the first amended complaint.  The sole
18        purpose of the amendment is to add, as appropriate, additional
        factual allegations included in his opposition to defendants' motion
19        to dismiss to support the claims already raised in the first amended
        complaint.  For that reason, the Clerk of the Court will be directed
20        to send plaintiff a copy of his first amended complaint and a copy
        of his opposition to defendants' motion to dismiss.  If plaintiff fails
21        to comply with this order in any way, including but not limited to
        naming additional defendants or raising claims not already raised
22        in the first amended complaint, this court will recommend
        dismissal of this action as a sanction for non-compliance with
23        orders of this court.  See Local Rule 11-110; Fed. R. Civ. P. 41(b).

24  Id.

25          Plaintiff's first amended complaint contained Eighth Amendment claims of

26  excessive force, failure to protect, and deliberate indifference to serious medical needs in

2

connection with events that commenced on August 3, 2007 and continued thereafter, and

violations of his right to due process in connection with disciplinary charges issues on September

7, 2007.  While plaintiff has not named any new defendants in the third amended complaint, he

has added numerous claims, now commencing with alleged events beginning on December 31,

2006.  Many of the proposed new claims are unrelated to the claims raised in the first amended

complaint, in violation of this court's December 23, 2011 order.[2]

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258,

1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a

court order the district court must weigh five factors including:  '(1) the public's interest in

expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

and (5) the availability of less drastic alternatives.'"  Ferdik, 963 F.2d at 1260-61 (quoting

Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46

F.3d 52, 53 (9th Cir. 1995).

The court has considered the five factors set forth in Ferdik.  Here, as in Ferdik,

the first two factors strongly support dismissal of this action.  The action has been pending for

three and one half years and the pleadings have not yet been settled.  Plaintiff's failure to comply

with the court's December 23, 2011 order would, if countenanced, either expand the scope of this

action well beyond the claims contained in the first amended complaint filed in December 2009,

or require yet further delay and amendment to the pleadings to bring the operative complaint into

compliance with that order.  Neither the public interest in expeditious resolution of litigation nor

---

[2]  It appears that plaintiff may have incorporated most of the contentions raised in his opposition to defendants' motion to dismiss into the third amended complaint.  The court's December 23, 2011 order did not authorize plaintiff to include in the third amended complaint all of the contentions raised in his opposition if those contentions were unrelated to August and September 2007 events on which the claims raised in the first amended complaint were based.

1    the court's need to manage its docket are served by plaintiff's non-compliance with the

2    December 23, 2011 order or further delay of this action.

3              The third factor may also favor dismissal.  Over two years have passed since the

4    court ordered defendants served with the first amended complaint, which raised claims based on

5    events that occurred in August and September 2007.  Almost five years have passed since the

6    events that gave rise to plaintiff's allegations, and the operative pleading is not yet settled.

7    Defendants might arguably be disadvantaged in their ability to defend against the claims with the

8    passage of additional time.

9              The fourth factor, public policy favoring disposition of cases on their merits,

10   weighs against dismissal of this action as a sanction.  In addition, the fifth factor does not support

11   dismissal without providing plaintiff an opportunity to show cause for his failure to comply with

12   the December 23, 2011 order and to tender a proposed fourth amended complaint that does

13   comply with that order.  Plaintiff is cautioned that the order to show cause will not be discharged

14   unless he files with his response a proposed fourth amended complaint that raises only the Eighth

15   Amendment and due process claims raised in his first amended complaint.  Plaintiff should not

16   include any allegations or claims based on events that occurred before the alleged events of

17   August and September 2007 that are the subject of the claims raised in his first amended

18   complaint.

19             In accordance with the above, IT IS HEREBY ORDERED that within twenty days

20   from the date of this order plaintiff shall show cause in writing why this action should not be

21   dismissed as a sanction for his failure to comply with the court's December 23, 2011 order.

22   Plaintiff is cautioned that the order to show cause will not be discharged unless he files with his

23   /////

24   /////

25   /////

26   /////

1   response a proposed fourth amended complaint that raises only the Eighth Amendment and due

2   process claims raised in his first amended complaint.

3   DATED: April 18, 2012.

4

5

6                                       UNITED STATES MAGISTRATE JUDGE

7   12
    solo2544.osc
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26