UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT SOLOMON,<br><br>          Plaintiff,<br><br>     v.<br><br>T. FELKER, et al.,<br><br>          Defendants. | No.  2:08-cv-2544-KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  This matter is proceeding before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  See Consents filed December 11, 2008, and October 22, 2010.  Plaintiff has filed two motions, both styled as motions for the appointment of counsel and to stay the proceedings in this case.  (ECF Nos. 122, 123.)  In his first motion, filed on May 5, 2014, plaintiff requests that the court place a stay on the present case until it appoints him an attorney.  (ECF No. 122 at 1.)  In his second motion, plaintiff requests that the court issue an emergency injunction ordering unidentified "CSP Staff" to issue to plaintiff "all of [his] legal work and legal exhibits" that was allegedly taken from him and to transfer plaintiff to San Quentin State Prison.  (ECF No. 123 at 1.)  Construed liberally, it appears that plaintiff's second motion is a request for the court to issue a temporary restraining order.  For the reasons stated

1

below, both motions are denied.

I.      Plaintiff's First Motion

Plaintiff requests that the court place a stay on this case until he is appointed counsel on the basis that unidentified "CSP Staff" confiscated his legal work for all of his pending cases and assaulted him because plaintiff asked to speak with a correctional captain.  (ECF No. 122 at 1-2.) Plaintiff alleges that these actions have made it impossible for him to continue the prosecution of this case without the assistance of an attorney.  (Id. at 2.)

Plaintiff has filed six previous motions for appointment of counsel, all of which have been denied.  As the court has explained in prior orders, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances at this time. Plaintiff's latest request for the appointment of counsel will therefore be denied.  Furthermore, the court finds that the circumstances do not warrant a stay on these proceeding.  Accordingly, the court also denies plaintiff's request for a stay.

II.     Plaintiff's Second Motion

As noted above, the content of plaintiff's second motion for the appointment of counsel and issuance of a stay reveals that this motion is more properly characterized as a request for a temporary restraining order.  The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing.  The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction.  It is apparent however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction.  See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J.

dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Here, plaintiff's motion includes allegations only against individuals who are not named defendants in this action. However, the court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Accordingly, this motion is denied.

III. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's motions for the appointment of counsel and to stay the proceedings in this case (ECF No. 122, 123) are denied.

IT IS SO ORDERED.

Dated: May 23, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE