UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT SOLOMON, | No. 2: 08-cv-2544 KJN P |
| Plaintiff, | |
| v. | ORDER |
| T. FELKER, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for a court order for the return of his legal property.  (ECF No. 140.)  For the following reasons, the Warden of California State Prison-Corcoran ("Corcoran") is directed to respond to plaintiff's motion.

    On September 19, 2014, defendants filed a summary judgment motion.  (ECF No. 134.)  On November 10, 2014, plaintiff filed a motion for access to his legal property and for a ninety day extension of time to file his opposition.  (ECF No. 137.)  In this motion, plaintiff alleged that Corcoran officials took all of his legal property and refused to return it.

    On November 21, 2014, the undersigned denied plaintiff's motion for access to his legal property.  (ECF No. 138.)  The undersigned found that the exhibits attached to plaintiff's motion did not support his claim that his legal property was confiscated and that prison officials refused to return it.  (Id. at 2.)  Plaintiff's exhibits demonstrated that plaintiff was allowed to have the

1

1  amount of legal property in his cell that is permitted for inmates in administrative segregation.
2  (Id.)  Plaintiff's exhibits demonstrated that plaintiff could trade a box of legal property in his cell
3  for a box of legal property in storage.  (Id.)  In other words, procedures existed for plaintiff to
4  have access to his legal property that was not in his cell.  (Id.)  The November 21, 2014 order
5  granted plaintiff thirty days to file his opposition.  (Id.)

6  Thirty days passed and plaintiff did not file his opposition.  Accordingly, on January 7,
7  2015, the undersigned ordered that this action would be dismissed if plaintiff failed to file his
8  opposition within thirty days.  (ECF No. 139.)

9  On January 26, 2015, plaintiff filed the pending motion.  (ECF No. 140.)  Plaintiff alleges
10 that prison officials confiscated all of his legal property on October 8, 2014.  (Id.)  Plaintiff
11 alleges that prison officials lied to the court when they stated that plaintiff had access to his legal
12 property, apparently referring to the previously filed exhibits.  (Id.)  Plaintiff alleges that most of
13 his legal property is in a warehouse.  (Id.)  Plaintiff alleges that prison officials will not give him
14 access to his legal property without a court order.  (Id.)

15 No defendants are located at Corcoran.  Usually persons or entities not parties to an action
16 are not subject to orders for injunctive relief.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395
17 U.S. 100 (1969).  However, the fact that one is not a party does not automatically preclude the
18 court from acting.  The All Writs Act, 28 U.S.C. § 1651(a), permits the court to issue writs
19 "necessary or appropriate in aid of their jurisdiction and agreeable to the usages and principles of
20 law."  See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United
21 States v. New York Telephone Co., 434 U.S. 159 (1977).  This section does not grant the court
22 plenary power to act in any way it wishes; rather the All Writs Act is meant to aid the court in the
23 exercise and preservation of its jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d
24 1283, 1289 (9th Cir. 1979).

25 The court is concerned that it will lose jurisdiction of this action if plaintiff is unable to
26 prosecute his case because he is being denied access to his legal property.  Pursuant to the All
27 Writs Act, the undersigned herein orders the Warden of Corcoran to file a status report addressing
28 plaintiff's allegations regarding denial of access to his legal property.

Accordingly, IT IS HEREBY ORDERED that:

1. Within ten days of the date of this order, the Warden of Corcoran shall file a status report addressing plaintiff's allegations regarding denial of access to his legal property;

2. The Clerk of the Court is directed to serve this order and a copy of plaintiff's motion for court order (ECF No. 140) on Supervising Deputy Attorney General Monica Anderson and the Warden of California State Prison-Corcoran, California State Prison-Corcoran, P.O. Box 3476, Corcoran, California, 93212-3476.

Dated: January 27, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Sol2544.alw

3