UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT SOLOMON,<br><br>            Plaintiff,<br><br>    v.<br><br>T. FELKER, et al.,<br><br>            Defendants. | No.  2:08-cv-2544 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  The parties have consented to the jurisdiction of the undersigned.  (ECF No. 88.)  Plaintiff is housed at the Substance Abuse Treatment Facility ("SATF") in Corcoran.

Pending before the court is plaintiff's January 26, 2015 motion requesting that the court order prison officials to return his legal property.  (ECF No. 140).  For the following reasons, this motion is denied.

Background

On September 19, 2014, defendants filed a summary judgment motion.  (ECF No. 134). On November 10, 2014, plaintiff filed a motion for access to his legal property and for a ninety days extension of time to file his opposition.  (ECF No. 137.)  In this motion, plaintiff alleged that prison officials took all of his legal property and refused to return it.

////

1

1    On November 21, 2014, the undersigned denied plaintiff's motion for access to his legal
2  property. (ECF No. 138.) The undersigned found that the exhibits attached to plaintiff's motion
3  did not support his claim that his property was confiscated and that prison officials refused to
4  return it. (Id.) Plaintiff's exhibits demonstrated that plaintiff was allowed to have the amount of
5  legal property in his cell that is permitted for inmates in administrative segregation. (Id.)
6  Plaintiff's exhibits also demonstrated that plaintiff could trade a box of legal property in his cell
7  for a box of legal property in storage. (Id.) In other words, procedures existed for plaintiff to
8  have access to his legal property that was not in his cell. (Id.) The November 21, 2014 order
9  granted plaintiff thirty days to file his opposition.

10    Thirty days passed and plaintiff did not file his opposition. Accordingly, on January 7,
11  2015, the undersigned ordered that this action would be dismissed if plaintiff failed to file his
12  opposition within thirty days. (ECF No. 139.)

13    On January 26, 2015, plaintiff filed the pending motion. (ECF No. 140.) Plaintiff alleges
14  that prison officials confiscated all of his legal property on October 8, 2014. (Id.) Plaintiff
15  alleges that most of his legal property is stored in a warehouse. (Id.) Plaintiff alleges that prison
16  officials will not give him access to his legal property without a court order. (Id.)

17    No defendants are located at SATF. Usually persons or entities not parties to an action are
18  not subject to orders for injunctive relief. Zenith Radio Corp. v. Hazeltine Research, Inc., 395
19  U.S. 100 (1969). However, the fact that one is not a party does not automatically preclude the
20  court from acting. The All Writs Act, 28 U.S.C. § 1651(a), permits the court to issue writs
21  "necessary or appropriate in aid of their jurisdiction and agreeable to the usages and principles of
22  law." See generally S.E.C. v. G.C. George Securities, Inc., 637 F.2d 685 (9th Cir. 1981); United
23  States v. New York Telephone Co., 434 U.S. 159 (1977). This section does not grant the court
24  plenary power to act in any way it wishes; rather the All Writs Act is meant to aid the court in the
25  exercise and preservation of its jurisdiction. Plum Creek Lumber Company v. Hutton, 608 F.2d
26  1283, 1289 (9th Cir. 1979).

27    On January 28, 2015, pursuant to the All Writs Act, the undersigned issued an order
28  directing the Warden where plaintiff is housed to respond to plaintiff's pending motion. (ECF

No. 141.) In this order, the undersigned observed that on September 19, 2014 defendant filed a summary judgment motion which plaintiff had not opposed. (Id.) The undersigned stated that the court was concerned that it would lose jurisdiction if plaintiff was unable to prosecute this case because he was being denied access to his legal property. (Id.)

Discussion

On February 5, 2015, SATF Litigation Coordinator Barba filed a declaration in response to the January 28, 2015 order. (ECF No. 143.) Litigation Coordinator Barba states, in relevant part,

> 3. Solomon was transferred to SATF from CSP-Corcoran on October 8, 2014. Attached here as Exhibit A is a copy of Solomon's transfer and bed reassignment history.
>
> 4. Solomon is currently housed in the Administrative Segregation Unit (ASU) in cell E1-116L. He is in ASU pending the outcome of two disciplinary actions for "Battery on a Non-Prisoner" and "Conspiracy to Assault a Peace Officer." If found guilty, he will most likely serve a term in a Security Housing Unit (SHU); at that point, he will be put up for transfer to an institution with a SHU. He will likely remain in SATF's ASU until both disciplinary actions are decided. Attached here as Exhibit B is a copy of Solomon's December 16, 2014 Classification Committee Chrono from his most recent classification hearing.
>
> 5. To obtain the information needed to respond to the Court's order concerning Solomon's property, I contacted the ASU Sergeant and Law Library Officer. I also obtained copies of Solomon's requests for law library services and supplies, including the relevant pages from the library's log, since he arrived at SATF. This declaration is based on the information these individuals provided and that is contained in the documents, which are attached here as Exhibits C to E.
>
> 6. When Solomon was transferred to SATF, he arrived with approximately 16 cubic feet (or about 8 boxes) of legal material. On October 17, 2014, he was issued his property, including 6 cubic feet (about 3 boxes) of legal material. (See Inmate/Parolee Request for Interview, Item or Service, Ex. C.) Due to the prison's property-restriction policy, he is only allowed to have 6 cubic feet of legal property in his cell. Solomon's remaining legal property is stored in the ASU and can be accessed during the weekdays by submitting a request to the E1 Law Library. Solomon can rotate/substitute out his boxes of legal material, but he can only have 6 cubic feet of legal material in his cell at any given time.
>
> 7. Since Solomon's transfer to SATF, he has submitted several requests for law library services and supplies. Soon after his arrival, he submitted a request to obtain Preferred Legal User (PLU)

status.  (PLU status is granted to an inmate who has a verified court deadline, and he receives higher priority to prison law library resources than other inmates.)  Although the request is dated October 8, 2014 (the day he arrived at SATF), it was not signed until October 13, 2014.  (Ex. D, 1.)  This request appears to have been rendered moot by another PLU request he submitted on October 14, 2014.  This latter request was granted and he received PLU status from October 17 to 23, 2014.  (Ex. D, 2.)  Solomon was also given access to the law library on October 17, 2014.  (Ex. E, 1.)

8.  On October 22, 2014, Solomon submitted another request for PLU status, which was granted.  He received PLU status from November 4 to 20, 2014.  (Ex. D, 3.)

9.  On October 27, 2014, Solomon received supplies from the law library.  (Ex. E, 2.)  The next day, he submitted a GA-22 form requesting law library access and more supplies.  (Ex. D, 4.)  His request was granted on November 1, 2014 and he was given access to the law library and supplies.  (Ex. E, 2.)  Two days later, on November 3, he received copies.  (Id.)

10.  On November 6, 2014, Solomon submitted another GA-22 requesting copies and various other services from the law library.  (Ex. D, 5.)  The request was granted the same day, and he received supplies and copies.  (Id.; Ex. E, 2.)

11.  On November 20, 2014, Solomon submitted a GA-22 for various information and documents.  (Ex. D, 6.)  The request was partially granted as the librarian was waiting to obtain the additional information on November 28, 2014.  (Id.)

12.  On November 23, 2014, Solomon submitted another GA-22 requesting writing and mailing supplies.  (Ex. D, 7.)  He was provided the requested supplies five days later on November 28.  (Id.; Ex. E, 3.)

13.  On November 25, 2014, Solomon submitted a request to renew his PLU status.  (Ex. D, 8.)  It was granted, and he was given PLU status from December 2 to 21, 2014.  (Id.)

14.  Around December 19, 2014, Solomon submitted a request for copies and supplies.  (Ex. D, 9.)  In early January 2015, he informed staff that he no longer needed copies because he mailed out the originals.  (Id.)

15.  Solomon received copies on November 25, 2014 and January 2, 2015.  (Ex. E, 5.)

16.  Based on the information and documents I received, Solomon has been receiving PLU status and law-library services and supplies since he arrived at SATF.

17.  There is no indication that Solomon has submitted a request to access his legal property from storage or that he has sought to

4

>exchange the boxes he has in his cell with those in storage since he was given his property on October 17, 2014.

(ECF No. 143 at 2-4.)

Litigation Coordinator Barba's declaration indicates that plaintiff has adequate access to the law library and legal supplies. With respect to plaintiff's claim that he is being denied access to his legal property, Litigation Coordinator Barba's declaration indicates that plaintiff may request access to his stored legal property but has not done so.

Based on the information contained in Litigation Coordinator Barba's declaration, the undersigned finds that plaintiff is not being denied access to his legal property, legal supplies or the law library. Under these circumstances, invocation of the All Writs Act is not warranted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a court order directing prison officials to grant him access to his legal property (ECF No. 140) is denied;

2. Plaintiff is granted thirty days from the date of this order to file an opposition to defendants' summary judgment motion; failure to file an opposition within that time will result in a finding of waiver of opposition.

Dated: February 13, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Sol2544.ll