UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT SOLOMON,<br><br>             Plaintiff,<br><br>     v.<br><br>T. FELKER, et al.,<br><br>             Defendants. | No.  2:08-cv-2544 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's June 1, 2015 motion for legal property, for an extension of time and for appointment of counsel.  (ECF No. 159.)  For the following reasons, this motion is denied.

On March 30, 2015, the undersigned granted in part and denied in part defendants' summary judgment motion.  (ECF No. 149.)  On March 27, 2015, plaintiff filed an interlocutory appeal to the Ninth Circuit Court of Appeals regarding the March 30, 2015 order.  (ECF No. 152.) In the pending motion, plaintiff alleges that his brief to the Ninth Circuit is due on August 5, 2015. (ECF No. 159 at 1.)  Plaintiff alleges that he "still" does not have access to his four boxes of legal property that he needs to prepare his brief.  (Id. at 2.)

The undersigned previously addressed a claim by plaintiff alleging denial of access to legal property.  On January 26, 2015, plaintiff filed a motion requesting that the court order prison

1

officials to return his legal property. (ECF No. 140.) Plaintiff alleged that prison officials confiscated his legal property on October 8, 2014. (Id.) Plaintiff alleged that most of his legal property was stored in a warehouse. (Id.) Plaintiff alleged that prison officials would not give him access to his legal property without a court order. (Id.)

On January 28, 2015, pursuant to the All Writs Act, the undersigned issued an order directing the Warden of the Substance Abuse Treatment Facility ("SATF"), where plaintiff is housed, to respond to plaintiff's claims alleging denial of access to his legal property. (ECF No. 141.) On February 5, 2015, SATF Litigation Coordinator Barba filed a declaration in response to the January 28, 2015 order. (ECF No. 143.) In relevant part, Litigation Coordinator Barba stated that plaintiff was housed in the Administrative Segregation Unit ("ASU") pending the outcome of two disciplinary actions. (Id.) If found guilty, plaintiff would most likely serve his term in a Security Housing Unit ("SHU"). (Id.) If found guilty, plaintiff would be put up for transfer to an institution with a SHU. (Id.)

Litigation Coordinator Barba further stated that when plaintiff was transferred to SATF, he arrived with approximately 16 cubic feet (or about 8 boxes) of legal material. (Id.) On October 17, 2014, plaintiff was issued his property, including 6 cubic feet (about 3 boxes) of legal material. (Id.) Due to the prison's property-restriction policy, plaintiff was only allowed to have 6 cubic feet of legal property in his cell. (Id.) Plaintiff's remaining legal property was stored in the ASU and could be accessed during the weekdays by submitting a request to the E1 Law library. (Id.) Plaintiff could rotate/substitute out his boxes of legal material, but he could only have 6 cubic feet of legal material in his cell at any given time. (Id.) According to Litigation Coordinator Barba, there was no indication that plaintiff had submitted a request to access his legal property from storage or that he had sought to exchange the boxes he had in his cell with those in storage since he was given his property on October 17, 2014. (Id.)

On February 13, 2015, the undersigned denied plaintiff's January 26, 2015 motion for access to his legal property. (ECF No. 144.) The undersigned found that Litigation Coordinator Barba's declaration indicated that plaintiff could request access to his stored legal property but had not done so. (Id.) The undersigned concluded that Litigation Coordinator Barba's

declaration demonstrated that plaintiff was not being denied access to his legal property.  (Id.)

In the pending motion, plaintiff does not allege that any circumstances described in Litigation Coordinator Barba's declaration have changed.  In other words, plaintiff is still housed in the SATF ASU.  Plaintiff also does not describe any attempts to gain access to his stored legal property.  For these reasons, the undersigned finds that plaintiff's pending request for access to his legal property is not well supported.

If plaintiff requires an extension of time to prepare his appellate brief, he shall make his request to the Ninth Circuit.

In the pending motion, plaintiff also requests the appointment of counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for legal property, for an extension of time and for appointment of counsel (ECF No. 159) is denied;

////

2. The Clerk of the Court is directed to serve a copy of this order on the Ninth Circuit Court of Appeals.

Dated: June 18, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Sol2544.pro

4