UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT SOLOMON, | No. 2: 08-cv-2544 KJN P |
| Plaintiff, | |
| v. | ORDER |
| T. FELKER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. This action is set for jury trial before the undersigned on February 1, 2016, as to plaintiff's claim that defendant Statti made plaintiff sleep on the floor. On October 1, 2015, the undersigned ordered plaintiff to file his pretrial statement within twenty-one days. (ECF No. 174.)

In response to the October 1, 2015 order, plaintiff filed a pleading requesting that this court and the Ninth Circuit Court of Appeals review his case. (ECF No. 176.) Plaintiff alleges that the undersigned is biased and requests a new judge with a "fresh set of eyes." (Id.) Plaintiff goes on to argue that the court improperly granted summary judgment to the other defendants. (Id.) Plaintiff also appears to suggest that he was improperly charged a filing fee for an interlocutory appeal. (Id.)

////

1

1    The undersigned construes plaintiff's request for a new judge as a request for the
2 undersigned to recuse himself.  For the following reasons, this request is denied.
3    A judge is required to disqualify himself if his impartiality might reasonably be
4 questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C.
5 § 455(b)(1).  Remarks made during the course of a judicial proceeding that are critical or hostile
6 to a party or his case ordinarily will not support a bias or partiality claim unless they reveal an
7 extrajudicial source for the opinion, or "such a high degree of favoritism or antagonism as to
8 make fair judgment impossible."  Liteky v. United States, 510 U.S. 540, 554 (1994.)  The
9 decision regarding disqualification is made by the judge whose impartiality is at issue.  Bernard v.
10 Coyne, 31 F.3d 842, 843 (9th Cir. 1994).
11   Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff must show
12 a disposition on the part of the judge that "is so extreme as to display clear inability to render fair
13 judgment."  Liteky, 510 U.S. at 541.  "Opinions formed by the judge on the basis of facts
14 introduced or events occurring in the course of the current proceedings, or of prior proceedings,
15 do not constitute a basis for a bias or partiality motion unless they display a deep-seated
16 favoritism or antagonism that would make fair judgment impossible."  Id. at 555.  Bias is not
17 found where the judge has expressed anger or dissatisfaction or annoyance that are within the
18 bounds of reasonable behavior.  Id.
19   The undersigned's actions in this case do not support disqualification.  The actions taken
20 were an appropriate response to filings.  The undersigned's rulings do not reflect an extreme
21 disposition or deep-seated antagonism.  They do not reflect animosity, partiality, or inability to
22 render a fair judgment in the instant action.  They do not indicate bias, personal or otherwise, or
23 prejudice, personal or otherwise.  Accordingly, plaintiff's request for recusal is denied.
24   Plaintiff's claim that the court improperly granted summary judgment to the other
25 defendants may be raised on appeal following the entry of judgment in this case.  Plaintiff's claim
26 that he was improperly charged a filing fee for an interlocutory appeal should be raised with the
27 Ninth Circuit.
28 ////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for recusal is denied;

2. Plaintiff shall file his pretrial statement within twenty-one days of the date of this order; failure to file a pretrial statement within that time will result in dismissal of this action.

Dated: November 3, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Sol2544.ord(2)